### McKNIGHT v. SCHULZ, et al.
No. 67-5-1657.

Small Claims Court, St. Lucie County.

August 11, 1967.

William F. Willes of Willes, Bittan & Griffin, Fort Pierce, for the plaintiff.

William C. Owen, Jr. of Miller, Cone, Owen, Wagner, Nugent & Johnson, West Palm Beach, for the garnishee.

WILLIAM G. TYE, Judge.

*Final judgment:* This cause came on for final hearing on August 10, 1967, after notice, on the answer of garnishee and traverse of answer by plaintiff, counsel for plaintiff and garnishee having entered into and filed a stipulation as to facts. The court reviewed the stipulation, and heard argument of counsel on the single disputed point of whether at the time of service of the writ of garnishment the garnishee was indebted to the defendant, Harry Karl Schulz.

The court finds and determines that, as a matter of law, Florida Statute 673.3-120 controls in that, as stipulated, the draft or drafts delivered to the defendant by the garnishee, payable through the Hartford National Bank of Hartford, Connecticut, did not represent payment to the defendant until the draft or drafts had been presented for payment by the Hartford National Bank of Hartford, Connecticut to the drawee. The court determines that at the time of service of the writ of garnishment, the garnishee was indebted to the defendant Schulz in the amount of $500, said amount being subject to the command of a writ of garnishment.

It is therefore ordered that the plaintiff have judgment against the garnishee in the amount of $500, for which let execution issue.